# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **LESLIE ADAMS** | **CIVIL ACTION NO. 06-0078-LC** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on January 12, 2006, by *pro se* petitioner, Leslie Adams, an inmate in the custody of the Louisiana Department of Corrections. Petitioner is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, and challenges his challenges 1980 aggravated rape conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

Petitioner attacked this same conviction in a petition for writ of *habeas corpus* filed in this court on June 20, 2000. See *Leslie Adams v. Warden, Louisiana State Penitentiary*, No. 2:00-cv-1481. This petition was dismissed with prejudice as time-barred on September 22, 2000. [Doc. 5]. Petitioner's appeals to the Fifth Circuit Court of Appeals were dismissed. *Leslie Adams v. Burl Cain, Warden*, No. 00-31395 (5th Cir. 4/3/2001) and *Leslie Adams v. Burl Cain, Warden*, No. 01-30412 (5th Cir. 5/9/2001). [Docs. 20 and 21].

## LAW AND ANALYSIS

The petition currently before the court is the second § 2254 petition filed by petitioner challenging his 1995 conviction. Prior to filing a second or successive *habeas corpus* petition,

the petitioner is required to obtain authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A).[1] The Fifth Circuit has held that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this Court has granted the petitioner permission to file one." *Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir. 2003)(first petition dismissed as untimely, second petition required authorization from 5th Cir.), quoting *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir.2000). Unless and until the Fifth Circuit Court of Appeals first grants petitioner leave to file the present petition, this court lacks jurisdiction to consider same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000).

When a petitioner files a successive petition in the district court without complying with 28 U.S.C. § 2244(b)(3), the district court may, in its discretion, transfer the matter to the appropriate court of appeals. *In re Epps,* 127 F.3d 364 (5th Cir. 1997); *Patterson v. Miller*, 2004 WL 743697 (N.D. Tex. 2004).

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides as follows:
Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

3